OPINION AND ORDER
On May 9, 2011, Appellee Michael D. King filed an unverified Petition for Recognition of a Foreign Judgment, a Fort Belknap Tribal Court custody Order. He did not attach an authenticated copy of the Order of the Fort Belknap Tribal Court as required by Comprehensive Code of Justice, (“CCOJ”) Title VIII, § 312. After Tribal Court personnel brought this to his attention, his counsel filed a certified copy of the Fort Belknap Order. The Petition was never verified. A hearing on the Petition before a special tribal court judge called in to hear the matter was held on May 23, 2011. On June 16, 2011, he issued a written decision that ordered enforcement of the Fort Belknap Order. On June 16, 2011, Appellant Winona Runsabove King filed a Petition to Review. On June 17, 2011, this Court granted Appellant’s Motion to Stay the Tribal Court Order pending review. On June 30, 2011, this Court accepted review of the Tribal Court Order and set a briefing schedule. The matter is fully briefed.
Appellant’s main contentions of error are that the Petition for Enforcement was not filed in accordance with Fort Peck Tribal law and that the Tribal Trial Court did not afford her an evidentiary hearing on the issue of due process.
This case presents several difficult issues faced by courts. First, it involves the importance to the Tribes and the tribal court system of tribal court recognition of foreign judgments, including those of other tribal courts, in accordance with the Comprehensive Code of Justice. The Fort Peck Tribes have a strong interest in recognition and enforcement of tribal court judgments by other jurisdictions. That interest is promoted by the Fort Peck Tribal Court’s parallel recognition and enforcement of valid foreign judgments in accordance with Tribal law. Also involved in this case is the importance of carefully adhering to the legal requirements for that enforcement. Historically, the Fort Peck tribal court system has operated in a somewhat informal manner to promote access to justice. Yet, the Fort Peck Tribal Court must maintain a balance between informality and the importance of complying with the law. We affirm the Tribal *285 Court decision in part and reverse in part and amend the Stay in accordance with the following.
Comprehensive Code of Justice Title VIII, § 312 provides:
Enforcement of judgment of judicial records of other jurisdictions.
(a) The Tribal Court may as a matter of comity enforce the judgment of another Tribe, the United States, a state or foreign nation, provided, that such a judgment may be enforced only after hearing or trial, on an action or special proceeding in the Tribal Court, requesting enforcement relief and complying with Title VIII, Sections 101-102 of this Code. An authenticated copy of the judgment of the other jurisdiction shall accompany the complaint seeking enforcement.
(b) A judgment of another jurisdiction against a specific thing is conclusive upon the title to that thing; and a judgment against a person, including a judgment for money, is presumptive evidence of a right between the parties and their successors in interest, provided, that the Tribal Court shall not enforce the judgment of another jurisdiction where evidence establishes: (i) a lack of jurisdiction, or (ii) a lack of due process, including lack of notice to the defendant, or (iii) that the judgment was by default, or (iv) that the judgment conflicts with a final judgment of the Tribal Court, or a court of another jurisdiction, or (v) that the judgment is contrary to the public policy of the Tribes, or (vi) collusion, fraud or clear mistakes of law or fact. (Emphasis added)
The Tribal Court decision carefully addresses each of the situations listed in CCOJ Title VIII § 312(b)(i)-(b)(vi) in which a foreign judgment is not permitted to be enforced. With one exception, we agree with its analysis. Based on the record before us, the portion of the Tribal Court Order ruling that the Fort Belknap Tribal Court has jurisdiction of the King family’s custody case appears correct. Further, the Fort Belknap Order does not appear to be the result of a default, in conflict with a final judgment of the Tribal Court, obtained by fraud or contrary to Fort Peck public policy.
The only valid challenge to the Tribal Court’s decision here is that concerning the scope of hearing required prior to an enforcement Order under CCOJ Title VIII § 312.[1] Before an Order of the Fort Belk-nap Tribal Court, (or of any other foreign jurisdiction), is enforceable by the Fort Peck Tribal Court, Appellant is entitled to an evidentiary hearing on the issue of whether or not she was afforded due process in the proceeding resulting in that Order. This must be an evidentiary hearing because CCOJ Title VIII § 312(b)(ii) provides that the Tribal Court shall not enforce a foreign judgment where “evidence establishes” a lack of due process.
The Tribal Court is reversed on the limited issue of its failure to hold an evi-dentiary hearing on the CCOJ Title VIII, § 312(b)(ii).
NOW THEREFORE, IT IS HEREBY ORDERED
1. The decision of the Tribal Trial Court is affirmed in part and reversed on the sole issue of its due process determina *286 tion in the absence of an evidentiary hearing.
2. The matter is remanded to the Tribal Trial Court for further proceedings in accordance with this decision,
3. The Stay is amended with respect to visitation. Appellee’s Motion to Amend Stay of Judgment is granted. The parties are directed to work out a schedule for weekend visits by Appellee. They are free to make other adjustments in parenting arrangements upon mutual agreement.

. While the failure to verify the Petition in accordance with CCOJ is technically incorrect, as noted in our decision of August 1, 2011 (Order Concerning Stay and Briefing Schedule), “In order to support access to the [Fort Peck] tribal court system, it is the practice of this court to read rules of practice broadly.” As well, prior decisions have found this requirement to be harmless error in certain circumstances. Clark v. Richter, FPCOA No 300, (2000).